UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GUY CHRISTOPHER MANNINO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-134-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| DOES, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Guy Christopher Mannino is a federal inmate, currently confined at the Forrest City Low FCI in Forrest City, Arkansas.  Proceeding without an attorney, Mannino previously filed a civil Complaint against prison officials at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky.  The defendants included unknown officers and employees of Southeastern Physician Service in Kentucky, and unknown officers and employees of Wakefield Associates in Tennessee.  [Record No. 1][1]

Mannino's Complaint was not filed on a form approved for use by this Court as required by Local Rule 5.3.  In addition, the Complaint did not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure, as it failed to adequately advise each defendant of the legal and/or factual basis of the claims made against them.  *See* Fed. R. Civ. P. 8; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).  Finally, Mannino neither paid the $350.00 filing fee or $52.00 administrative fee, nor did he

---

[1] Mannino filed his Complaint in the United States District Court for the Eastern District of Arkansas.  After determining that venue properly lies in the Eastern District of Kentucky, that court transferred the matter to this judicial district.  [Record No. 2]

file a motion to pay the fees in installments pursuant to 28 U.S.C. § 1915.  As a result, on May 16, 2023, the Court entered an Order advising Mannino of these deficiencies and providing him with 30 days to do the following: (1) file a new, amended Complaint using the Court-approved form and (2) either pay the applicable fees or file a motion for leave to proceed *in forma pauperis* supported by a Certificate of Inmate Account form and certified by appropriate prison staff.  [Record No. 6]  Mannino was warned that his case would be dismissed if he failed to complete either of these directives.  [*Id*. at p. 4]

This 30-day deadline has now expired.  While Mannino has filed a motion for leave to proceed *in forma pauperis* [Record No. 8], the Certificate of Inmate Account Form submitted in support of his motion is not certified by prison staff as required by 28 U.S.C. § 1915(a)(2).  *See* 28 U.S.C. § 1915(a)(2) (requiring a motion to pay the filing fee in installments to be supported by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint… obtained from the appropriate official of each prison at which the prisoner is or was confined.").  Instead, the line provided for the Signature of Authorized Official states "See Printout."  [Record No. 9 at p. 1] However, the Court's previous Order was clear that Mannino's motion must be supported by account information that is certified by prison staff.

In addition to the foregoing, Mannino has failed to submit an amended Complaint using the Court-approved form that complies with the requirements of Rule 8.  Instead, Mannino has filed a "Motion for Extension of Time." [Record No. 7]  In that motion, he repeats his prior intention to pursue a claim pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2670 *et seq*. ("FTCA"), and indicates that "[t]his is addressed by Administrative Tort Claim No. TRT-MXR-2023-04179 from the Department of Justice dated March 29, 2023 (see attached)."  [*Id*.

-2-

at p. 1][2]  But as the Court previously advised Mannino, *before* bringing an FTCA claim against the United States, he is required to present the claim to the relevant federal agency for possible administrative settlement and receive a denial from the agency.  *See* 28 U.S.C. § 2675(a); *Holt v. Morgan*, 79 F. App'x 139, 141 (6th Cir. 2003).  If Mannino does not file an administrative claim *and* receive a denial from the agency before filing suit, his FTCA claim must be dismissed.  *McNeil v. United States*, 508 U.S. 106 (1993).

Mannino states in his motion for an extension of time that the federal government "has an additional 3.5 months to address this issue regarding the FTCA claim," indicating that he has not yet received a response to his administrative settlement request.  [Record No. 7] He further explains that, "[b]ecause the additional defendants are part and parcel to the overall scheme as previously described, separation of these is defeating (the Court should have the complete picture)."  [*Id.*]  Thus, Mannino requests "an extension of time of 110 days or until October 1, 2023, to refile the form/motion as required by this Honorable Court."  [*Id.* at p. 2] However, exhaustion of administrative remedies with respect to a FTCA claim is something that Mannino is required to do *before* he filed his case, not after.

Moreover, Mannino's motion constitutes an admission that he has failed to exhaust his FTCA claim before filing this case.  Thus, even if the Court overlooked his failure to file an amended Complaint, Mannino's FTCA claim is subject to dismissal, inasmuch as he admits that he did not exhaust this claim prior to filing this lawsuit.[3]  *Jones v. Bock*, 549 U .S. 199,

---

[2] Despite this notation, an Administrative Tort Claim Form was not attached to Mannino's motion.

[3] The Court has authority to conduct a preliminary review of Mannino's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A because he is a prisoner suing government officials, and because he has requested permission to proceed in this case *in forma pauperis*.  And on initial

214-15 (2007) (district court can dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense). *See also Barnett v. Laurel Cty., Kentucky*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017) ("[S]ua sponte dismissal may be appropriate where the prisoner's failure to exhaust is obvious from the face of the complaint.") (citing *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (other citations omitted)); *Fletcher v. Myers*, No. 5: 11-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis.").

Regardless, the fact remains that Mannino was previously directed to: (1) address his non-payment of the applicable fees; and (2) file an amended Complaint in compliance with the requirements of Rule 8 using approved form.  [Record No. 6]  The deadline to comply with these directives has expired and Mannino has failed to accomplish either task.

A federal court's authority to dismiss an action based upon a plaintiff's failure to prosecute "is necessary . . . to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash Rwy. Co.*, 370 U.S. 626, 629-630 (1962).  *See also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed. R. Civ. P. 41(b)] to enter a *sua sponte* order of dismissal.").  In determining whether to dismiss a case for failure to prosecute, this Court considers:

---

screening, a district court should dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*quoting Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Where a party does not comply with an order in the face of a clear prior warning that the failure to do so would result in the dismissal of the case, a court may consider such conduct to be a strong indication of willful noncompliance. *Prime Finish, LLC v. ITW Deltar IPAC*, 608 F. App'x 310, 314 (6th Cir. 2015). And in this case, Mannino has not complied with the requirements of the Court's Order, despite a clear warning that his failure would result in dismissal of the case. And although Mannino submitted a motion for an extension of time, his motion only clarified that he asserted a FTCA claim in this action before to exhaustion of his administrative remedies regarding that claim. More critically, because of that non-compliance, he has failed to properly initiate a civil case, as he has not filed a Complaint that complies with the pleading requirements of Rule 8. And as noted above Mannino has not paid the required filing fee or been granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1914, 1915.

Regarding the fourth factor, the Court considers that the plaintiff has *de minimis* funds with which to pay a monetary sanction and he has failed to comply with the Court's clear instructions. Therefore, the Court does not conclude that any lesser sanction would be effective in eliciting compliance. *See Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 738 (6th Cir. 2008) ("This court has never held that a district court is without power to dismiss a complaint as the first and only sanction and is loathed to require the district court to incant a litany of the available lesser sanctions.") (cleaned-up). After evaluating these factors, the

-5-

Court concludes that dismissal of Mannino's Complaint, without prejudice, is warranted. Accordingly, it is hereby

   **ORDERED** as follows:

   1.    Plaintiff Mannino's motion for extension of time [Record No. 7] is **DENIED**.

   2.    Plaintiff Mannino's motion for leave to proceed *in forma pauperis* [Record No. 8] is **DENIED**.

   3.    Plaintiff Mannino's Complaint [Record No. 1] is **DISMISSED**, without prejudice.

   4.    This matter is **DISMISSED** and **STRICKEN** from the docket.

   Dated:  June 21, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky